UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HARDIN,  				Case No. 1:06-CV-430

    Plaintiff,  				Hon. Richard Alan Enslen

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff Kenneth Hardin's Motion for Temporary Restraining Order. As discussed below, Plaintiff's motion is **denied**.

Plaintiff initiated this action on June 20, 2006, asserting that Defendants have improperly violated his constitutional right to freely practice his religion. Fearing that Defendants may retaliate against him for filing the present action, Plaintiff requests that the Court enjoin Defendants from engaging in retaliation or interfering with the practice of his religion and also temporarily suspend the operation of a state prison policy directive.

To obtain injunctive relief, the movant must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted); *see also*, *Wilson v. Wilkinson*, 2002 WL 123580 at *1 (6th Cir. Jan. 28, 2002) (applying this standard to the evaluation of a motion for temporary restraining order). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the

court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000) (citations omitted).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Mich. Bell Tel. Co. v. MFS Intelenet of Mich., Inc.*, 16 F. Supp. 2d 828, 831 (W.D. Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to demonstrate that he is being threatened with harm for which there exists no legal remedy. The harm from which Plaintiff seeks relief is remediable through the legal process. Plaintiff has failed to establish that he will suffer irreparable harm in the absence of injunctive relief. He has likewise failed to establish that he is likely to prevail on the merits of his various claims. Furthermore, the Court does not discern how granting Plaintiff's motion would serve the public interest, especially since the actions of state government and administrators in running state prisons must be offered due deference. *See Kendrick v. Bland*, 740 F.2d 432, 437-38 (6th Cir. 1984) (citing cases). In short, Plaintiff is not entitled to the relief sought. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 2) is **denied**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
August 4, 2006  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE