UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KENNETH HARDIN,

      Plaintiff,

Case No. 1:06-cv-430

v.

Hon. Richard Alan Enslen

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

      Defendants.

**JUDGMENT**

_____/

      This matter is before the Court to review the Report and Recommendation of June 22, 2007, which recommended that this Court grant summary judgment against Plaintiff Kenneth Hardin and dismiss his civil rights suit. The Court reviews all objections and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

      Upon review of the document docketed as Plaintiff's Objection to the Report and Recommendation, it is clear that the document was filed improperly since the filer of the document was neither Plaintiff nor a duly-licensed member of this Court's bar. The document (an Affidavit by Ravanna Sanders-Bey) cannot be received as an objection to the Report since the affiant lacks professional standing to represent Plaintiff in this matter. *See Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) (rejecting laymen third-party representation); *McCall v. Pataki,* 232 F.3d 321, 322 (2d Cir. 2000) (same); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *United States v. Taylor*, 569 F.2d 448 (7th Cir. 1978) (same); *DePonceau v. Pataki,* 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (same); *McFadden v. Jabe*, 899 F.2d 14, 1990 WL 38193, **1 (6th Cir. 1990) (same) (unpublished). Furthermore, the Affidavit, even if considered

y

as part of objections duly filed, does not support a denial of summary judgment. The Affidavit is fatally flawed in many respects. The Affidavit assumes that an Amended Complaint was filed in this suit asserting different claims and allegations, which assumption is false (the same was rejected by an Order filed on May 2, 2007). The Affidavit also fails to discuss the facts pertinent to the Magistrate Judge's proper legal analysis and fails to counter Defendants' evidence that the conduct of prison officials was proper under *Turner v. Safely*, 482 U.S. 78, 84 (1987) to maintain institutional safety and security, and to prevent harassment of prison officials and/or judges.

For the reasons given here and in the Report and Recommendation, the Court also discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Kenneth Hardin's Objection (Dkt. No. 52) is **DENIED**, the Report and Recommendation (Dkt. NO. 47) is **ADOPTED**, Defendants' Motion to Dismiss under Rule 12(b)(6) (Dkt. No. 30), construed as a motion for summary judgment, is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated in Kalamazoo, MI:  	/s/Richard Alan Enslen  
July 2, 2007  	Richard Alan Enslen  
	Senior United States District Judge